UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank M. Monte,                                            Case No. 4:23 CV 0122

Petitioner,                                                JUDGE JAMES G. CARR

   v.

                                                           OPINION AND ORDER

Fernando Garza, Warden

Respondent.

*Pro se* Petitioner Frank M. Monte, an inmate in the Federal Correctional Institution in Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted in the United States District Court for the District of New Jersey on charges of making threats to a federal law enforcement officer and making a threat in interstate commerce. He was sentenced on November 21, 2022 to 57 months in prison, and 3 years of supervised release. *See United States v. Monte*, No. 2:19 cr 821 (D. NJ Nov. 21, 2022). It does not appear that he filed a direct appeal of his conviction or Motion to Vacate Conviction under 28 U.S.C. § 2255. *Id.*

Petitioner has now filed this Petition under 28 U.S.C. § 2241. He states that he filed four interlocutory appeals with the United States Third Circuit Court of Appeals pertaining to his criminal prosecution. While those appeals were still pending, the District Court in New Jersey conducted a jury trial. The jury found him guilty on March 7, 2022. The Third Circuit dismissed his appeals on March 10, 2022, for lack of appellate jurisdiction. Petitioner contends that the trial court denied him due process by proceeding with the trial before the appellate court had the opportunity to review the merits

of his appeals. He asks this Court to accept jurisdiction over his criminal case, vacate his conviction and grant him any and all relief that this Court deems appropriate.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under §2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative,

or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims are unsuccessful.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241. A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In addition, Petitioner must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Petitioner's claim does not fit within this exception. He could and should have asserted this claim on direct appeal of his conviction, or in a Motion to Vacate under 28 U.S.C. § 2255. His claim for relief is not based on a new rule of law that establishes his actual innocence. He cannot bring it under 28 U.S.C. § 2241.

### IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28

U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                      s/James G. Carr      4/6/2023
                                      _____
                                      JAMES G. CARR
                                      UNITED STATES DISTRICT JUDGE